IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| ALEXANDER HILL, | ) | |
| | ) | Civil Action No. |
|    Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| GEORGIA-TEXAS ENTERPRISES, | ) | |
| INC., | ) | |
| | ) | |
|    Defendant. | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Alexander Hill ("Plaintiff") and files this Complaint against Defendant Georgia-Texas Enterprises, Inc. ("Defendant"), and shows the following:

### I.    Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated

overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II.   <u>Jurisdiction and Venue</u>

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant is a Georgia business and resides in this district. Venue in this Court is proper pursuant to 28 U.S.C. §1367.

## III.   <u>Parties and Facts</u>

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant from May 2019 to August 2020.

7.

Plaintiff was an "employee" of Defendant, as that term has been by the FLSA.

8.

Throughout Plaintiff's employment with Defendant, Plaintiff's primary duty was non-exempt work, specifically manual labor involved in repairing equipment and associated clerical work. During Plaintiff's employment, Plaintiff's job title was termed "facilities technician" and later "district facilities manager".

9.

For the first approximately three weeks of his employment, Plaintiff was paid on an hourly basis. For the remainder of his employment, Plaintiff was paid on a salary basis, without overtime compensation, calculated at one and one half times his regular rate, for the hours he worked in excess of 40 in work weeks.

10.

Defendant is an "employer" as that term has been defined by the FLSA.

11.

While employed by Defendant and paid on a salary basis, Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours he worked over 40 in workweeks.

12.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

Defendant knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

14.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

15.

Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

16.

Throughout Plaintiff's employment, Defendant misclassified Plaintiff as exempt from overtime.

## Count I

## Violations of the Fair Labor Standards Act.

### 17.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

### 18.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

### 19.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

### 20.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

### 21.

Defendant's violation of the FLSA was willful, thus entitling Plaintiff to a

three year statute of limitations for his claim.

## IV.   Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA;

(C)    Permit Plaintiff to amend his Complaint to add state law claims if necessary;

(D)    Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 4th day of September, 2020.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

6

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com